UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MARTHA I.O. MOGAJI, <br> Plaintiff, | ) ) ) ) | |
| v. | ) ) | Civil No. 19-12585-LTS |
| TOM CHAN, et al., <br> Defendants. | ) ) ) ) | |

## ORDER OF TRANSFER

February 12, 2020

SOROKIN, J.

On December 24, 2019, Marth I.O. Mogaji ("Mogaji") filed a pro se complaint. Doc. No. 1. With her complaint, she filed an application to proceed in district court without prepaying fees or costs. Doc. No. 2. On January 24, 2020, Mogaji filed a complaint that was entered on the docket as Mogaji's amended complaint. Doc. No. 4.

In this diversity action, Mogaji asserts claims arising from events and proceedings that occurred in New Hampshire. Mogaji resides in Massachusetts and the defendants are all located in New Hampshire.

After reviewing the pleadings, the court concludes that venue for this action does not lie within the District of Massachusetts. The term "venue" refers to "the geographic specification of the proper court or courts for the litigation of a civil action that is within the subject-matter jurisdiction of the district courts." 28 U.S.C. § 1390(a). When jurisdiction is founded solely on diversity, venue is proper in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the

action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

Here, subsections (1) and (3) of 28 U.S.C. § 1391(b) do not establish venue in the District of Massachusetts because none of the defendants are alleged to reside in Massachusetts. Subsection (2) does not provide for venue within this district because none of the "events or omissions giving rise to the claim" occurred in the District of Massachusetts. The alleged "events or omissions giving rise to the [plaintiff's] claim" occurred in New Hampshire.

Where venue is improper, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Under the circumstances, it is in the interest of justice to transfer this case.

Based upon the foregoing, the clerk directed to transfer this action to the United States District Court for the District of New Hampshire pursuant to 28 U.S.C. § 1406(a). Whether Mogaji should be permitted to proceed without prepayment of fees or costs is a determination to be made by the transferee court.

SO ORDERED.

    /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge